# CHARLESTON.

## ECHOLS *v.* COUNTY COURT.

Submitted August 9, 1910.    *Decided August 10, 1910.

1.  MANDAMUS—*Right to Remedy—Existence of Legal Duty.*
     Under the charter of the city of Bluefield (Acts 1909, chapter
     1) the county court of Mercer county has no jurisdiction over
     the subject of license to sell spirituous liquors in that city,
     or within two miles of its limits.  Therefore, after such license
     has been granted by the board of affairs of said city a *mandamus*
     does not lie to compel the county court to issue a certificate of
     the grant of license.

*Mandamus* by R. E. L. Echols against the County Court of
Mercer County and others.

*Writ Refused.*

*Sanders & Crockett* for petitioner.

*Hugh G. Woods, D. M. Easley,* and *James F. Brown,* for
respondents.

BRANNON, JUDGE:

Echols, the petitioner in this case, after obtaining a grant of
license to sell liquor in the city of Bluefield from its board of
affairs, applied to the county court of Mercer county to issue a
certificate to obtain such license, but the court refused to order
the certificate.   Echols asks from the Court a *mandamus* to
compel the county court to order such certificate to him.   We
refuse to award such *mandamus,* because as will be seen from the
case of *Kelley & Moyers* v. *Bowman, Clerk,* decided this day,
we held that the grant of license by the board of affairs is final,
without any right or duty in or on the county court, and that
the county court has no jurisdiction in the matter, but that the
duty of issuing the certificate rests on the clerk of the county
court by virtue of the action of the board of affairs.

*Mandamus Refused.*

ROBINSON, PRESIDENT, and WILLIAMS, JUDGE, concur in the
refusal of the *mandamus,* but do not concur in the syllabus and
opinion above.

---

*Opinion filed October 25, 1910.